**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 117875

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Michael Ryan, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    vs.<br><br>Affiliate Asset Solutions, LLC and Pendrick Capital Partners II, LLC,<br><br>    Defendants. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

   Michael Ryan, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Affiliate Asset Solutions, LLC and Pendrick Capital Partners II, LLC (hereinafter referred to collectively as "*Defendants*"), as follows:

### INTRODUCTION

   1.  This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

### JURISDICTION AND VENUE

   2.  This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3.    Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4.    At all relevant times, Defendants conducted business within the State of New York.

## PARTIES

5.    Plaintiff Michael Ryan is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

6.    Plaintiff is a natural person allegedly obligated to pay a debt.

7.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8.    On information and belief, Defendant Affiliate Asset Solutions, LLC, is a Georgia Limited Liability Company with a principal place of business in Gwinnett County, Georgia.

9.    On information and belief, Defendant Pendrick Capital Partners II, LLC, is a New York Limited Liability Company with a principal place of business in Warren County, New York.

10.    On information and belief, Defendant Affiliate Asset Solutions, LLC regularly collects or attempts to collect debts asserted to be owed to others.

11.    On information and belief, Defendant Pendrick Capital Partners II, LLC regularly collects or attempts to collect debts asserted to be owed to others.

12.    On information and belief, Defendant Affiliate Asset Solutions, LLC is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

13.    On information and belief, Defendant Pendrick Capital Partners II, LLC is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

14.    On information and belief, the principal purpose of Defendant Affiliate Asset Solutions, LLC's business is the collection of such debts.

15.    On information and belief, the principal purpose of Defendant Pendrick Capital Partners II, LLC's business is the collection of such debts.

16.    On information and belief, Defendant Affiliate Asset Solutions, LLC uses the mails in its debt collection business.

17.    On information and belief, Defendant Pendrick Capital Partners II, LLC uses the mails in its debt collection business.

18.    Defendant Affiliate Asset Solutions, LLC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

19.    Defendant Pendrick Capital Partners II, LLC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## THE FDCPA AS IT RELATES TO THE CLAIMS HEREIN

20.    Congress enacted the FDCPA upon finding that debt collection abuse by third party debt collectors was a widespread and serious national problem. *See* S. Rep. No. 95-382, at 2 (1977) *reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

21.    The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by independent debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

22.    To further these ends, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

23.    As such, the circumstances of the particular debtor in question have no bearing as to the question of whether there has been a violation of the FDCPA. *See Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). Indeed, it is not necessary for a plaintiff to show that he or she was confused by the communication received. *Jacobson,* 516 F.3d at 91. Likewise, the plaintiff consumer's actions or inaction in response to a communication from a debt collector are irrelevant. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

24.    Instead, "the test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives." *Russell,* 74 F.3d at 34.

25.    If a debt collector's communication is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer, it violates the FDCPA. *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001). Similarly, a communication violates the FDCPA if it is "open to more than one reasonable interpretation, at least one of which is inaccurate," or if

the communication "would make the least sophisticated consumer uncertain as to her rights." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993); *Jacobson*, 516 F.3d at 90.

26.      The FDCPA is a strict liability statute, and a debt collector's intent may only be considered as an affirmative defense. 15 U.S.C. § 1692k(c); *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Likewise, "the degree of a defendant's culpability may only be considered in computing damages."*Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993).  A single violation of the FDCPA to establish civil liability against the debt collector. *Id.*

## ALLEGATIONS SPECIFIC TO PLAINTIFF

27.      Defendants allege Plaintiff owes a debt ("the alleged Debt").

28.      The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

29.      The alleged Debt does not arise from any business enterprise of Plaintiff.

30.      The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

31.      At an exact time known only to Defendants, the alleged Debt was assigned or otherwise transferred to Defendants for collection.

32.      At the time the alleged Debt was assigned or otherwise transferred to Defendants for collection, the alleged Debt was in default.

33.      In their efforts to collect the debt, Defendants contacted Plaintiff by letter ("the Letter") dated May 6, 2019. (**Exhibit 1.**")

34.      The Letter conveyed information regarding the alleged Debt.

35.      The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

36.      The Letter was the initial written communication Plaintiff received from Defendants concerning the alleged Debt.

37.      The Letter was received and read by Plaintiff.

38.      15 U.S.C. § 1692g protects Plaintiff's concrete interests. Plaintiff has the interest and right to receive a clear, accurate and unambiguous validation notice, which allows a consumer to confirm that he or she owes the debt sought to be collected by the debt collector. As set forth herein, Defendants deprived Plaintiff of this right.

39.     15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendants. As set forth herein, Defendants deprived Plaintiff of this right.

40.     The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

## FIRST COUNT
### Violation of 15 U.S.C. § 1692g(a)(1)

41.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

42.     15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

43.     As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the debt."

44.     To comply with 15 U.S.C. § 1692g(a)(1), a statement of "the amount of the debt" must accurately convey, from the perspective of the least sophisticated consumer, the actual amount of the debt.

45.     A statement of "the amount of the debt," when the debt is not owed at all by the consumer, violates 15 U.S.C. § 1692g(a)(1).

46.     The Letter claims that Plaintiff owes $795.00.

47.     Plaintiff did not owe $795.00.

48.     Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect.

49.     Defendants' statement of the amount of the alleged Debt, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, violates 15 U.S.C. § 1692g(a)(1).

50.     For the foregoing reasons, Defendants violated 15 U.S.C. § 1692g(a)(1) and are liable to Plaintiff therefor.

## SECOND COUNT
### Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)

51.  Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

52.  15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

53.  An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

54.  An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a deceptive representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

55.  An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

56.  15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

57.  An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the character of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

58.  An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

59.  An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

60.  15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

61.  An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation made in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

62.  An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a deceptive means used in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

63.    The Letter alleges that Plaintiff owed $795.00.

64.    Plaintiff did not owe $795.00.

65.    Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect.

66.    Defendants' allegation that Plaintiff owed $795.00, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a false representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

67.    Defendants' allegation that Plaintiff owed $795.00, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a deceptive representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

68.    Defendants' allegation that Plaintiff owed $795.00, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a misleading representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

69.    Defendants' allegation that Plaintiff owed $795.00, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a false representation of the character of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

70.    Defendants' allegation that Plaintiff owed $795.00, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a false representation of the amount of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

71.    Defendants' allegation that Plaintiff owed $795.00, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a false representation of the legal status of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

72.    Defendants' allegation that Plaintiff owed $795.00, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

73.     Defendants' allegation that Plaintiff owed $795.00, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a deceptive means used in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

74.     For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and are liable to Plaintiff therefor.

### THIRD COUNT
### Violation of 15 U.S.C. § 1692g(a)(2)

75.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

76.     15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

77.     As relevant here, 15 U.S.C. § 1692g(a)(2) requires the written notice provide "the name of the creditor to whom the debt is owed."

78.     To comply with 15 U.S.C. § 1692g(a)(2), the written notice must accurately state "the name of the creditor to whom the debt is owed."

79.     A statement of "the name of the creditor to whom the debt is owed," when the consumer does not any money at all to the stated entity, violates 15 U.S.C. § 1692g(a)(2).

80.     The Letter claims the name of the creditor to whom the alleged Debt is owed is Pendrick Capital Partners II.

81.     Plaintiff did not owe the alleged Debt to Pendrick Capital Partners II.

82.     Pendrick Capital Partners II never offered to extend credit to Plaintiff.

83.     Pendrick Capital Partners II never extended credit to Plaintiff.

84.     Plaintiff was never involved in any transaction with Pendrick Capital Partners II.

85.     Plaintiff never entered into any contract with Pendrick Capital Partners II.

86.     Plaintiff never did any business with Pendrick Capital Partners II.

87.     Plaintiff was never indebted to Pendrick Capital Partners II.

88.     Pendrick Capital Partners II is a stranger to Plaintiff.

89.     Defendants' statement that Pendrick Capital Partners II is "the name of the creditor to whom the debt is owed," when Pendrick Capital Partners II is not the name of the creditor to whom the alleged Debt is owed, violates 15 U.S.C. § 1692g(a)(2).

90.     For the foregoing reasons, Defendants violated 15 U.S.C. § 1692g(a)(2) and are liable to Plaintiff therefor.

## FOURTH COUNT
## Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)

91.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

92.     15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

93.     An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

94.     An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a deceptive representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

95.     An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

96.     15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

97.     An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation of the character of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

98.     An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation of the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

99.     An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation of the legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

100.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

101.     An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation made in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

102.     An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a deceptive means used in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

103.     The Letter claims that Plaintiff owes a debt to Pendrick Capital Partners II.

104.     Plaintiff did not owe a debt to Pendrick Capital Partners II.

105.     Pendrick Capital Partners II never offered to extend credit to Plaintiff.

106.     Pendrick Capital Partners II never extended credit to Plaintiff.

107.     Plaintiff was never involved in any transaction with Pendrick Capital Partners II.

108.     Plaintiff never entered into any contract with Pendrick Capital Partners II.

109.     Plaintiff never did any business with Pendrick Capital Partners II.

110.     Plaintiff was never indebted to Pendrick Capital Partners II.

111.     Pendrick Capital Partners II is a stranger to Plaintiff.

112.     Defendants' allegation that Plaintiff owed a debt to Pendrick Capital Partners II, when Plaintiff did not owe a debt to Pendrick Capital Partners II, is a false representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

113.     Defendants' allegation that Plaintiff owed a debt to Pendrick Capital Partners II, when Plaintiff did not owe a debt to Pendrick Capital Partners II, is a deceptive representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

114.     Defendants' allegation that Plaintiff owed a debt to Pendrick Capital Partners II, when Plaintiff did not owe a debt to Pendrick Capital Partners II, is a misleading representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

115.     Defendants' allegation that Plaintiff owed a debt to Pendrick Capital Partners II, when Plaintiff did not owe a debt to Pendrick Capital Partners II, is a false representation of the character of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

Barshay Sanders PLLC

116.    Defendants' allegation that Plaintiff owed a debt to Pendrick Capital Partners II, when Plaintiff did not owe a debt to Pendrick Capital Partners II, is a false representation of the amount of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

117.    Defendants' allegation that Plaintiff owed a debt to Pendrick Capital Partners II, when Plaintiff did not owe a debt to Pendrick Capital Partners II, is a false representation of the legal status of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

118.    Defendants' allegation that Plaintiff owed a debt to Pendrick Capital Partners II, when Plaintiff did not owe a debt to Pendrick Capital Partners II, is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

119.    Defendants' allegation that Plaintiff owed a debt to Pendrick Capital Partners II, when Plaintiff did not owe a debt to Pendrick Capital Partners II, is a deceptive means used in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

120.    Defendants' demand that Plaintiff make payment for a debt that he does not owe is a false representation made to attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

121.    Defendants' request that Plaintiff make payment for a debt that he does not owe is a deceptive means used to attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

122.    For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and are liable to Plaintiff therefor.

### FIFTH COUNT
### Violations of 15 U.S.C. §§ 1692e and 1692e(10)

123.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

124.    15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

125.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

126.    A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e. *Clomon,* 988 F.2d at 1318.

127.    A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer it is open to more than one reasonable interpretation, at least one of which is inaccurate. *Clomon,* 988 F.2d at 1319.

11

128.    A collection letter also violates 15 U.S.C. § 1692e if, it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer. *DeSantis,* 269 F.3d at 161.

129.    The Letter states "In an effort to resolve this matter, our client has authorized our office to accept payment in the amount of $516.75 to resolve this account(s)."

130.    The Letter additionally states, "This offer is valid until 6/21/2019. We are not obligated to renew."

131.    The Letter fails to state whether the settlement payment must be sent by the consumer, or received by Defendants, by the stated deadline in order to accept the settlement offer.

132.    Whether a payment would actually settle the debt is, by definition, a material term of a settlement offer and must be communicated clearly and effectively.

133.    The Letter can be interpreted by least sophisticated consumer to mean that such payment must be mailed to Defendants by the stated deadline in order to accept the settlement offer.

134.    The Letter can also be interpreted by least sophisticated consumer to mean that such payment must be received by Defendants by the stated deadline in order to accept the settlement offer.

135.    The least sophisticated consumer reading the Letter would be left to wonder about a material term of the offer.

136.    As a result of the foregoing, in the eyes of the least sophisticated consumer the Letter is open to more than one reasonable interpretation, at least one of which is inaccurate.

137.    Because the Letter is open to more than one reasonable interpretation by least sophisticated consumer it violates 15 U.S.C. §§ 1692e and 1692e(10).

138.    Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer, it violates 15 U.S.C. §§ 1692e and 1692e(10).

139.    For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692e and 1692e(10) and are liable to Plaintiff therefor.

### SIXTH COUNT
### Violations of 15 U.S.C. §§ 1692g and 1692e

140.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

141.    15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

142.    15 U.S.C. § 1692g(a)(3) requires the notice to include a statement that unless the consumer, within thirty days of receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed valid by the debt collector.

143.    There is no requirement that the consumer dispute the debt in writing.

144.    The debt collector has the obligation to provide validation and cannot advise the Plaintiff to contact the Creditor for disputing the debt.

145.    It is a violation of the FDCPA to require disputes be made in writing.

146.    It is a violation of the FDCPA to require disputes be made directly to the Creditor.

147.    It is a violation of the FDCPA to include language in the letter that overshadows the required 15 U.S.C. § 1692g(a)(3) statement.

148.    It is a violation of the FDCPA to include language in the letter that contradicts the required 15 U.S.C. § 1692g(a)(3) statement.

149.    It is a violation of the FDCPA to include language in the letter that, when examined from the perspective of the least sophisticated consumer, overshadows the required § 1692g(a)(3) statement.

150.    It is a violation of the FDCPA to include language in the letter that, when examined from the perspective of the least sophisticated consumer, contradicts the required § 1692g(a)(3) statement.

151.    It is a violation of the FDCPA to include language in the letter that, when examined from the perspective of the least sophisticated consumer, leads the least sophisticated consumer to believe that her dispute must be made in writing.

152.    It is a violation of the FDCPA to include language in the letter that, when examined from the perspective of the least sophisticated consumer, leads the least sophisticated consumer to believe that her dispute must be made to the creditor.

153.    The Letter states, "Send all correspondence to 145 Technology Parkway NW, Suite 100, Peachtree Corners, GA 30092."

154.   Disputes need not be in writing. *Hooks v. Forman, Holt, Eliades & Ravin, LLC,* 717 F.3d 282 (2d Cir. 2013).

155.   Disputes may be made orally.

156.   The debt collector cannot direct the consumers to lodge their disputes with the creditor.

157.   The language directing all correspondence be mailed to the creditor's address, overshadows the required 15 U.S.C. § 1692g(a)(3) statement.

158.   The language directing all correspondence be mailed to the creditor's address, contradicts the required 15 U.S.C. § 1692g(a)(3) statement.

159.   The language directing all correspondence be mailed to the creditor's address, when examined from the perspective of the least sophisticated consumer, overshadows the required § 1692g(a)(3) statement.

160.   The language directing all correspondence be mailed to the creditor's address, when examined from the perspective of the least sophisticated consumer, contradicts the required § 1692g(a)(3) statement.

161.   The language directing all correspondence be mailed to the creditor's address, when examined from the perspective of the least sophisticated consumer, leads the least sophisticated consumer to believe that her dispute must be in writing and sent to the stated address.

162.   Defendants have violated § 1692g, as the language directing all correspondence be mailed to the creditor's address overshadows the information required to be provided by that Section. *See Vetrano v. CBE Grp., Inc.*, 2016 WL 4083384 (E.D.N.Y. Aug. 1, 2016); *Balke v. Alliance One Receivables Management, Inc.*, No. 16-CV-5624(ADS)(AKT), 2017 WL 2634653 (E.D.N.Y. June 19, 2017).

163.   15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

164.   While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

165.   Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

166.    The question of whether a collection letter is deceptive is determined from perspective of the "least sophisticated consumer."

167.    The language directing all correspondence be mailed to the creditor's address could be reasonably interpreted by the least sophisticated consumer as incorrectly representing that a dispute must be communicated in writing and sent to the stated address. *See Vetrano v. CBE Grp., Inc.*, 2016 WL 4083384 (E.D.N.Y. Aug. 1, 2016); *Balke v. Alliance One Receivables Management, Inc.*, No. 16-CV-5624(ADS)(AKT), 2017 WL 2634653 (E.D.N.Y. June 19, 2017).

168.    Because the Letter is reasonably susceptible to an inaccurate reading, as described above, it is deceptive within the meaning of the FDCPA.

169.    The least sophisticated consumer would likely be deceived by the language directing all correspondence be mailed to the creditor's address.

170.    The least sophisticated consumer would likely be deceived in a material way by language directing all correspondence be mailed to the creditor's address.

171.    The misrepresentation is material because it could impede the least sophisticated consumer's ability to respond to the Letter or dispute the debt.

172.    Defendants have violated § 1692e by using a false, deceptive, and misleading representation in its attempt to collect a debt.

173.    For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692g and 1692e and are liable to Plaintiff therefor.

## CLASS ALLEGATIONS

174.    Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York.

175.    Plaintiff seeks to certify three classes of:

> i. All consumers to whom Defendants sent a collection letter attempting to collect an alleged Debt that was in fact not actually owed in that amount or to the entity on behalf of whom Defendants were trying to collect such debt, substantially and materially similar to the Letter sent to Plaintiff, which letter was sent on or after a date one year prior to the filing of this action to the present.

> ii. All consumers to whom Defendants sent a collection letter failing to state whether the settlement payment must be sent by the consumer, or received by Defendants, by the stated deadline in order

to accept the settlement offer, substantially and materially similar to the Letter sent to Plaintiff, which letter was sent on or after a date one year prior to the filing of this action to the present.

iii. All consumers to whom Defendants sent a collection letter directing the consumer to mail their dispute to an address, substantially and materially similar to the Letter sent to Plaintiff, which letter was sent on or after a date one year prior to the filing of this action to the present.

176.   This action seeks a finding that Defendants' conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

177.   The Class consists of more than thirty-five persons.

178.   Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

179.   The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

180.   Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

181.   Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

16

**WHEREFORE** Plaintiff respectfully requests judgment be entered:

    a.   Certify this action as a class action; and

    b.   Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

    c.   Find that Defendants' actions violate the FDCPA; and

    d.   Grant damages against Defendants pursuant to 15 U.S.C. § 1692k; and

    e.   Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    f.   Grant Plaintiff's costs; together with

    b.   Such other relief that the Court determines is just and proper.

DATED: March 16, 2020

                  **BARSHAY SANDERS, PLLC**

                  By:    */s/ Craig B. Sanders*
                  Craig B. Sanders, Esq.
                  100 Garden City Plaza, Suite 500
                  Garden City, New York 11530
                  Tel: (516) 203-7600
                  Fax: (516) 706-5055
                  csanders@barshaysanders.com
                  *Attorneys for Plaintiff*
                  Our File No.: 117875